# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

JANET PERNELL                                                                                PLAINTIFF

V.                                                   NO. 4:18-CV-208-DMB-DAS

COMMISSIONER OF SOCIAL SECURITY                                     DEFENDANT

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge David A. Sanders, which recommends that Janet Pernell's motion to proceed in forma pauperis be denied. Doc. #4.

## I
## Background and Procedural History

On October 23, 2018, Janet Pernell filed a complaint in this Court challenging a final decision of the Commissioner of Social Security denying her benefits. Doc. #1. The same day, Pernell filed a motion to proceed in this action in forma pauperis. Doc. #2.

On October 24, 2018, United States Magistrate Judge David A. Sanders issued a Report and Recommendation recommending that Pernell's motion to proceed in forma pauperis be denied because "the plaintiff is capable of paying court costs in this action, though she may require some additional time." Doc. #4 at 2. On November 14, 2018, Pernell filed "Plaintiff's Answer to Report and Recommendation," stating "that she cannot pay[] the … filing fee without taking [the] sums away from other monthly expenses that she needs to survive." Doc. #5 at 1–2. Pernell "submits that if the filing fee cannot be waived … her appeal [should] be dismissed." *Id*. at 2.

## II
## Standard of Review

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination

of those portions of the report … to which objection is made." "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz,* 278 F.Supp.3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)). It is unclear whether Pernell intended her "Answer," which was not filed within the time allowed for objections and which does not specifically challenge any findings in the Report and Recommendation, to be an objection to the Report and Recommendation. However, the Court, out of an abundance of caution, will conduct a de novo review of the Report and Recommendation.

### III
### Analysis

28 U.S.C. § 1915(a)(1) provides that "any court of the United States may authorize the commencement … of any suit, action or proceeding, civil or criminal, … without prepayment of fees" if the plaintiff shows "that the person is unable to pay such fees …." This statute does not provide an absolute right to proceed in forma pauperis in the federal courts. *Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988). "Rather[,] it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Id*. (alterations omitted). "The decision whether to grant a request to proceed in forma pauperis is committed to the discretion of the district court." *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982).

> General factors that can be considered when deciding whether to grant IFP status include: whether the complaint is frivolous or malicious (*see Johnson v. United States Postal Serv.*, 861 F.2d 1475, 1485 (10th Cir. 1988)); whether the case concerns a prisoner, with special concern placed on prisoner complaints (*see Weller v. Dickson*, 314 F.2d 598, 601 (9th Cir. 1963) (Duniway, J., concurring)); and the nature of the mandatory and discretionary demands on the applicant's financial resources (*see Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988)).

*Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002). Additionally, "federal courts have historically looked to assets such as equity in real estate and

automobiles in determining eligibility for [in forma pauperis] status." *Scherer v. State*, No. 06-2446, 2006 WL 3147731, at *2 (D. Kan. Nov. 1, 2006) (collecting cases).

Here, the Court assumes without deciding that Pernell's social security appeal is not frivolous or malicious. However, her complaint does not implicate the "special concern" placed on prisoner complaints. Furthermore, Pernell's application shows a monthly income of $1,893 and monthly expenses of $1,640, and that she holds full equity in a 2007 Nissan Altima and some undisclosed amount of equity in her home. Under these circumstances, the Court concludes that her motion to proceed in forma pauperis should be denied. Having determined that Pernell's motion to proceed in forma pauperis should be denied, the Court will dismiss this action as requested by Pernell in her answer.

## IV
## Conclusion

For the reasons above, the Report and Recommendation [4] is **ADOPTED** and Pernell's motion to proceed in forma pauperis [2] is **DENIED**. This action is **DISMISSED without prejudice**.

**SO ORDERED**, this 19th day of November, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**